UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMY SUE DALE,

                              Plaintiff,

                                                                     Case # 15-CV-496-FPG

v.

                                                                     DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

## INTRODUCTION

Amy Sue Dale ("Dale" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 8, 10. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On October 24, 2012, Dale protectively filed an application for SSI with the Social Security Administration ("the SSA"). Tr.[1] 203. She alleged that she had been disabled since

---

[1]     References to "Tr." are to the administrative record in this matter.

1

January 1, 2010 due to nerve damage, pain in the legs, high blood pressure, migraines, gastroesophageal reflux disease ("GERD"), and depression. Tr. 158, 203. After her application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Michael Friedman ("the ALJ") on November 7, 2013 in which the ALJ presided by videoconference and considered Dale's application *de novo*. Tr. 308-19. Dale appeared at the hearing with her attorney and testified. *Id.* On February 3, 2014, the ALJ issued a decision finding that Dale was not disabled within the meaning of the Act. Tr. 116-23. That decision became the Commissioner's final decision when the Appeals Council denied Dale's request for review on April 10, 2015. Tr. 3-6. Thereafter, Dale commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906

F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

Determination of whether a claimant is disabled within the meaning of the Act requires an ALJ to follow a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth

and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Dale's claim for benefits under the process described above. At step one, the ALJ found that Dale had not engaged in substantial gainful activity since October 24, 2012, the application date. Tr. 118. At step two, the ALJ found that Dale has the following severe impairments: back disorder and obesity. Tr. 118. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 119-20.

Next, the ALJ determined that Dale retained the RFC to perform the full range of sedentary work.[2] Tr. 120-22. At step four, the ALJ indicated that Dale had no past relevant work. Tr. 122.

At step five, the ALJ relied on the Medical-Vocational Guidelines ("the Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, to determine that Dale was capable of making an adjustment to other work that exists in significant numbers in the national economy given her RFC, age,

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

education, and work experience. Tr. 122-23. Accordingly, the ALJ concluded that Dale was not "disabled" under the Act. Tr. 123.

## II. Analysis

Dale argues that remand is warranted because the ALJ's RFC determination is not supported by substantial evidence.[3] ECF No 8-1, at 9-13. The Commissioner maintains that the ALJ properly considered the medical record and thus the RFC is supported by substantial evidence. ECF No. 10-1, at 11-13. For the reasons that follow, this Court finds that the RFC determination was not supported by substantial evidence and that this matter must be remanded for further administrative proceedings.

Dale first contends that the RFC is not supported by substantial evidence because the ALJ did not provide a function-by-function analysis, which was necessary because the rationale behind his RFC assessment cannot be readily discerned. ECF No. 8-1, at 12. "The Act's regulations require that the ALJ include in his RFC assessment a function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis." *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *10 (W.D.N.Y. May 14, 2014) (internal quotation marks and citation omitted). This means that the ALJ "must make a function-by-function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch." *Id.* (citation omitted); 20 C.F.R. § 416.969a(a); S.S.R. 96-8p, 1996 WL 374184, at *5-6. Remand is not required, however, simply because the ALJ failed to conduct an explicit function-by-function analysis. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ's RFC determination may nonetheless be upheld when his or her analysis "affords an adequate basis for meaningful

---

[3]   Dale advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 8-1, at 14-17. However, because this Court disposes of this matter based on the improper RFC determination, those arguments need not be reached.

judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.* But "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 177-78 (citation omitted).

Here, the ALJ's RFC assessment summarizes the medical record without tying that evidence to the physical and mental functional demands of sedentary work. Tr. 120-22. The ALJ concludes that Dale can perform sedentary work based on "the physical examinations and the MRIs as well as the treatment notes from her treating sources[.]" Tr. 122. The ALJ fails to explain, however, how such findings permit Dale to perform the functional demands of sedentary work, *i.e.*, sitting, standing, walking, and lifting. *See* 20 C.F.R. § 416.967(a). Moreover, it is unclear how the ALJ made this determination when the record lacked any medical opinion evidence that assessed Dale's functional capacity.

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Id.* (citation omitted); *Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination."). Depending on the circumstances, like when the medical

evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21 (citation omitted).

Here, the record lacks any medical opinion as to Dale's ability to engage in work at any exertional level on a regular and continuous basis in an ordinary work setting. There is no medical opinion regarding her capacity to sit, stand, walk, or lift, which are necessary activities for sedentary work. *See* 20 C.F.R. § 416.967(a). Yet the ALJ, who is not a medical professional, somehow determined that Dale could perform sedentary work because a lumbosacral spine MRI showed "little abnormalities," a cervical MRI was "unremarkable," and "the treatment notes generally showed only a few objective findings." Tr. 122; *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor."). The remainder of the ALJ's decision merely summarizes the medical evidence and cites to treatment notes that contain bare medical findings and do not address how Dale's impairments affect her physical and mental ability to perform work-related functions. Tr. 120-21. This evidence, which contains complex medical findings like MRI results, does not permit the ALJ to render a common sense judgment about functional capacity. Without a function-by-function assessment relating this evidence to the physical demands of sedentary work or reliance on a medical source's opinion as to Dale's functional capacity, the ALJ's decision leaves this Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, remand is required.

Dale also argues that the RFC is not supported by substantial evidence because the ALJ ignored her non-severe mental limitations when he made the RFC determination. The SSA's

regulations require an ALJ to consider non-severe impairments when assessing a claimant's RFC. *See* 20 C.F.R. 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe[]" . . . when we assess your [RFC]."). Remand is required when the ALJ fails to account for a claimant's non-severe mental limitations when determining his or her RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) ("[A]fter finding that [the claimant]'s mental impairment of depression does not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore nonsevere, . . . the ALJ determined [the claimant]'s RFC without accounting for any of the limitations arising from her mental impairment[.] Thus, the ALJ committed legal error.") (internal quotation marks and alterations omitted); *Jackson v. Colvin*, No. 1:14-CV-00055 (MAT), 2016 WL 1578748, at *4 (W.D.N.Y. Apr. 20, 2016) ("[T]he ALJ failed to properly consider plaintiff's mental impairments, whether severe or non-severe, throughout the entire five-step sequential evaluation. As a result, the ALJ's RFC finding was not supported by substantial evidence.") (citation omitted).

Here, the ALJ concluded at step two that Dale's medically determinable mental impairments were non-severe. Tr. 119 (citing 20 C.F.R. § 416.920a(d)(1)). In making this determination, the ALJ cited the findings and opinions of consultative psychiatrist Rachel Hill, Ph.D. ("Dr. Hill") and consultative psychologist M. Totin ("Dr. Totin"). Tr. 118-19. In his discussion in support of the RFC determination, however, the ALJ failed to analyze Dr. Hill's and Dr. Totin's opinions. Tr. 120-22. The ALJ was required to discuss and weigh these opinions when making the mental RFC determination because there was no treating physician's opinion detailing Dale's mental limitations. *Jackson*, 2016 WL 1578748, at *4 (citing *Duell v.*

*Astrue*, No. 8:08-CV-969, 2010 WL 87298, at *5 (N.D.N.Y. Jan. 5, 2010) ("The regulations further require an ALJ to 'explain in the decision the weight given to the opinions of a State agency medical or psychological consultant,' *unless the ALJ has given controlling weight to the opinions of a treating source.*") (emphasis added)); 20 C.F.R. § 416.927(e)(2)(ii). Moreover, the ALJ failed to cite to any evidence relevant to Dale's mental impairments even though she frequently complained of pain, depression, and anxiety. *See, e.g.*, Tr. 8, 41, 58, 71-73, 82, 247-48, 251-56, 279, 289, 303-05, 311, 318. Accordingly, remand is required because this Court finds that the ALJ did not consider the impact of Dale's non-severe mental impairments when he made the RFC determination.

Thus, for each of the reasons explained above, this Court finds that the ALJ's RFC determination is not supported by substantial evidence and cannot be upheld.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 2, 2016
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court